# EXHIBIT A

```
MARA VELASCO                          1.0 LBS   LTR        1 OF 1
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

SHIP TO:
    WILLIAM GORMAN
    6317378473
    BARNWELL HOUSE OF TIRES, INC.
    2020 LAKELAND AVE
    RONKONKOMA NY 11779
```




NY 117 0-01

**UPS NEXT DAY AIR**  **1**
TRACKING #: 1Z 039 9EX 01 2626 9306



BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/1403403/531237326/Mara Velasco

XOL 17 05.01    NV45 67 0A 04/2017

# CT Packing Slip

CT Corporation

**UPS Tracking #:** 1Z0399EX0126259306
**Created By:** Hetal Kanani
**Created On:** 05/16/2017 06:43 PM
**Recipient:**

| William Gorman | |
|---|---|
| Title: | -- |
| Customer: | Barnwell House of Tires, Inc. |
| Address: | 2020 Lakeland Ave |
| Email: | - |
| Phone: | 631-737-8473    Fax: - |

**Package Type:** Envelope
**Items shipped:** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 531237326 | ESXL335417 | Barnwell House of Tires, Inc. |

 **CT Corporation**

**Service of Process Transmittal**
05/16/2017
CT Log Number 531237326

TO: William Gorman
Barnwell House of Tires, Inc.
2020 Lakeland Ave
Ronkonkoma, NY 11779-7400

RE: **Process Served in New Jersey**

FOR: Barnwell House of Tires, Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Michael Walsh, Pltf. vs. Barnwell House of Tires, Inc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Designation, Statement(s), Notice |
| COURT/AGENCY: | Essex County Superior Court - Law Division, NJ<br>Case # ESXL335417 |
| NATURE OF ACTION: | Employee Litigation |
| ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company, West Trenton, NJ |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/16/2017 at 09:30 |
| JURISDICTION SERVED: | New Jersey |
| APPEARANCE OR ANSWER DUE: | Within 35 days from the date you received this summons, not counting the date you received it |
| ATTORNEY(S) / SENDER(S): | Pauline M.K. Young<br>Mclaughlin & Nardi, LLC<br>37 Vreeland Avenue<br>Totowa, NJ 07512<br>973-890-0004 |
| ACTION ITEMS: | SOP Papers with Transmittal, via UPS Next Day Air, 1Z0399EX0126269306 |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | The Corporation Trust Company<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ 08628<br>609-538-1818 |

Page 1 of 1 / HK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

MCLAUGHLIN & NARDI, LLC
37 Vreeland Avenue
Totowa, New Jersey 07512
(973) 890-0004
Attorneys for Plaintiff,
Michael Walsh

| | |
|---|---|
| MICHAEL WALSH, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | |
| | DOCKET NO: ESX-L-3354-17 |
| v. | |
| | Civil Action |
| BARNWELL HOUSE OF TIRES, INC., ABC ENTITIES 1-10, JOHN DOES 1-10, being fictitious names, | **SUMMONS** |
| Defendants. | |

From The State of New Jersey, To Defendant(s) Named Above:

BARNWELL HOUSE OF TIRES, INC.

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you

live. A list of these offices is provided. If you do not have any attorney and are not eligible for free assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: May 15, 2017

/s/ *Michelle M. Smith Esq.*
Clerk, Superior Court of New Jersey

By: _____
Pauline M.K. Young
Attorney for Plaintiff

<u>Name of Defendant to be Served</u>:
Manager or Person in Charge
Barnwell House of Tires, Inc.
C/O Corporation Trust Company
820 Bear Tavern Road
West Trenton, New Jersey 08628

2

MCLAUGHLIN & NARDI, LLC
37 Vreeland Avenue
Totowa, New Jersey 07512
(973) 890-0004
Attorneys for Plaintiff,
Michael Walsh

| | |
|---|---|
| MICHAEL WALSH,<br><br>    Plaintiff,<br><br>v.<br><br>BARNWELL HOUSE OF TIRES, INC., ABC ENTITIES 1-10, JOHN DOES 1-10, being fictitious names,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO: L-3354-17<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Michael Walsh, by and through his attorneys, McLaughlin & Nardi, LLC, complains of the Defendants as follows:

### THE PARTIES

1. Plaintiff, Michael Walsh, is an individual residing at 310 North Front Street, Apt. 4-341, Wilmington, NC 28401. Michael was employed by Defendant, Barnwell House of Tires, Inc. at their Fairfield, New Jersey location.

2. Defendant, Barnwell House of Tires, Inc., (hereinafter "Barnwell") is a New York corporation, licensed to do business in New Jersey. Its principal place of business is 112 Lehigh Drive, Fairfield, New Jersey 07004. Its registered agent is the Corporation Trust Company located at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

3. Defendants John Does 1-10, being fictitious names, are individuals who aided in, participated in, conspired to commit, facilitated, abetted or otherwise liable for the actions complained of herein whose identities have not yet been discovered.

4. Defendants ABC Entities 1-10, being fictitious names for business entities whose identities have not yet been determined and which directly and/or through their agents, employees, and/or officers, participated in, aided, abetted, supervised, permitted, allowed, directed, and/or condoned the acts and/or omissions complained of herein.

## FACTS RELEVANT TO ALL COUNTS

5. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 4 of the Complaint as if set forth herein verbatim and at length.

6. Barnwell is a company which sells commercial and consumer tires and ancillary products and provides services in relation to tire repair and maintenance.

7. In or around June of 2015, Mr. Walsh was hired Barnwell to work at Barnwell's location at 112 Lehigh Drive, Fairfield, New Jersey. Mr. Walsh was hired to assist the store manager with various tasks.

8. While Mr. Walsh was given a business card with the title of "Territory Manager," Mr. Walsh was never assigned any duties in relation to that title.

9. Indeed, Mr. Walsh requested a statement or explanation of his specific roles and responsibilities and the duties and parameters of his position, but he never received such.

10. Instead, Mr. Walsh worked as an assistant to the Store Manager and as a retail associate.

11. By way of example, Mr. Walsh acted as a receptionist, assisting retail walk-in clients, answering phones, and conveying orders to technicians and recommendations back from the technicians to the customers.

12. He also acted as an on-site sales representative or retail sales clerk, filling out work-orders, assisting with checking inventory, communicating with clients, and processing orders.

13. On occasion, Mr. Walsh would arrange for deliveries to be made, or made deliveries personally, but it was not a regular or "set" responsibility.

14. Mr. Walsh never supervised any employee at Barnwell.

15. Mr. Walsh had no managerial or administrative oversight over any of Barnwell's locations or operations.

16. Mr. Walsh had no authority or input into any other employee's schedule, pay, duties, hiring, and/or firing.

17. Mr. Walsh rarely, if ever, traveled to any other Barnwell locations and spent a vast majority of his working hours at the Fairfield store location.

18. Mr. Walsh did not negotiate any pricing or contracts with account customers. He did not have any authority to adjust set prices without authorization from his direct supervisor.

19. Mr. Walsh did not make any discretionary determinations as to what inventory to buy, where to buy inventory, or what to pay for inventory.

20. Mr. Walsh did not earn any commission on any sale.

21. At the beginning of Mr. Walsh's employment, he was advised that he was required to clock in and out everyday. His supervisor manually input his "clock in" and "clock out times."

22. However, several months into his employment, he was advised that he needed to clock in and out everyday – which he thereafter did.

23. Mr. Walsh worked every day, generally Monday through Friday, and sometimes on the weekends as well. He opened the Fairfield shop location no later than 6:00 a.m. every weekday and worked into the evening hours most days.

24. Mr. Walsh has a "GED," but no other degree or college education.

25. Mr. Walsh was, therefore, a non-exempt hourly employee for Barnwell.

26. Mr. Walsh therefore should have been paid as an hourly employee with overtime.

27. However, Barnwell did not pay Mr. Walsh as an hourly employee and did not pay any overtime to Mr. Walsh in the 18 months that he worked for Barnwell.

28. Mr. Walsh generally worked approximately 70 hours or more each week. However, Mr. Walsh did not receive any additional compensation for hours worked in excess of 40 hours.

29. Mr. Walsh believed that he would be compensated for this extra time by way of "bonuses" or other compensation at the end of the year.

30. However, Barnwell did not make up for the unpaid overtime compensation at the end of the year.

31. Therefore, Mr. Walsh resigned from Barnwell.

32. However, Mr. Walsh has still not been compensated for the overtime hours worked while employed at Barnwell.

33. As a direct and proximate result thereof, Plaintiff has been damaged.

4

## FIRST COUNT
### (Violation of the Fair Labor Standard Act: Failure to Pay)

34. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 34 of the Complaint as if set forth herein verbatim and at length.

35. As set forth above, Plaintiff was a non-exempt employee of Defendant, Barnwell working on a full-time basis.

36. While Plaintiff worked well in excess of 40 hours each week, he was only paid for 40 hours.

37. Plaintiff was never compensated for additional work he performed over 40 hours which he was paid for on a weekly basis.

38. Plaintiff was not compensated at the rate of one and one-half times his regular rate at of pay for which he was employed for each week when he worked in excess of 40 hours.

39. The conduct of Defendant against Plaintiff was in violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq.*

40. Defendant's conduct was willful and intentional.

41. As a direct and proximate result thereof, Plaintiff has been damaged.

## SECOND COUNT
### (Violation of the Wage and Hour Law: Failure to Pay)

42. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 42 of the Complaint as if set forth herein verbatim and at length.

43. As set forth above, Plaintiff was a non-exempt employee of Defendant, Barnwell working on a full-time basis.

44. Although Plaintiff worked well in excess of 40 hours each week, he was only paid for

5

40 hours worth of work on a weekly basis.

45. Plaintiff was never compensated for additional work he performed over the 40 hours which he was paid for on a weekly basis.

46. Plaintiff was not compensated at the rate of one and one-half times his regular rate at of pay for which he was employed for each week when he worked in excess of 40 hours.

47. Defendant's conduct against Plaintiff was in violation of the Wage and Hour Law, N.J.S.A. 34:11-56a4, *et seq*.

48. Defendant's conduct was willful and intentional.

49. As a direct and proximate result thereof, Plaintiff has been damaged.

### THIRD COUNT
### (Respondeat Superior)

50. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 50 of the Complaint as if set forth herein verbatim and at length.

51. The acts and/or omissions complained of herein were undertaken by the officers, and/or other employees, agents, and/or contractors of Defendant, Barnwell.

52. Additionally, the acts and/or omissions complained of herein were undertaken by the officers, agents, contractors and/or employees of Defendant, Barnwell, as part of a policy, practice or custom of Defendant, Barnwell.

53. At all times these acts were in the course and within the scope of the actors' duties, employment and/or contractual relationship with Defendant, Barnwell.

54. Defendant's supervisory personnel were aware of, authorized, approved of, ratified

and/or participated in these acts and/or omissions.

55. As a direct and proximate result thereof, Plaintiff has been damaged.

56. Defendant, Barnwell, is therefore vicariously liable under the doctrine of *respondeat superior* for all acts and/or omissions complained of herein.

### FOURTH COUNT
(Punitive Damages)

57. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 57 of the Complaint as if set forth herein verbatim and at length.

58. The acts and/or omissions complained of above were actuated by actual malice and/or accompanied by a wanton and willful disregard of Plaintiff, who foreseeably might be harmed by those acts or omissions.

59. Defendants' actions were especially egregious.

60. Defendants' supervisory personnel were aware of, authorized, approved of, ratified and/or participated in these acts and/or omissions.

61. The acts complained of were undertaken by and through the officers, agents, employees, and/or representatives of Barnwell, who were part of the upper management of Barnwell. Moreover, the members of upper management actually participated in, ratified, authorized, approved of, and/or acted with willful indifference toward the acts and/or omissions complained of herein.

62. Defendants are therefore liable to Plaintiff for punitive damages.

7

WHEREFORE, Plaintiff, MICHAEL WALSH demands judgment against Defendants, BARNWELL HOUSE OF TIRES, INC., ABC ENTITIES 1-20, and JOHN DOES 1-10 for:

(a) compensatory damages;

(b) statutory damages;

(c) punitive damages;

(d) double damages

(e) front pay;

(f) back pay;

(g) lost benefits;

(h) attorney's fees;

(i) interest;

(j) cost of suit incurred;

(k) such other relief as the Court deems just, equitable and appropriate under the circumstances.

McLaughlin & Nardi, LLC
Attorneys for the Plaintiff

by: *Pauline MKY*

Pauline M.K. Young
For the Firm

Dated: May 8, 2017

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R.4:25-1(b)(14)

Maurice W. McLaughlin and Pauline M.K. Young are hereby designated as trial counsel.

McLaughlin & Nardi, LLC
Attorneys for the Plaintiff

by: *(signature)*

Pauline M.K. Young
For the Firm

Dated: May 8, 2017

## JURY DEMAND

Plaintiff demands a trial by a jury of six on all counts so triable.

McLaughlin & Nardi, LLC
Attorneys for the Plaintiff

by: *(signature)*

Pauline M.K. Young
For the Firm

Dated: May 8, 2017

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or pending in any arbitration proceeding and that no such action or arbitration proceeding is contemplated. To Plaintiff's knowledge no other party should be joined in this action.

McLaughlin & Nardi, LLC
Attorneys for Plaintiff

by: *(signature)*

Pauline M.K. Young
For the Firm

Dated: May 8, 2017

9

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1 Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY PAYMENT TYPE: ☐CK ☐CG ☐CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |
|---|---|

| ATTORNEY / PRO SE NAME Pauline M.K. Young, Esq. | TELEPHONE NUMBER (973) 890-0004 | COUNTY OF VENUE Essex |
|---|---|---|
| FIRM NAME (if applicable) McLaughlin & Nardi, LLC | | DOCKET NUMBER (when available) L-3354-17 |
| OFFICE ADDRESS 37 Vreeland Avenue Totowa, New Jersey 07512 | | DOCUMENT TYPE Complaint |
| | | JURY DEMAND ■ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Michael Walsh, Plaintiff | CAPTION Michael Walsh v. Barnwell House of Tires, Inc., ABC Entities 1-10, and John Does 1-10 |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing) 509 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING? ☐ YES ■ NO | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE: *Paul MK*

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category  ☐ Putative Class Action  ☐ Title 59

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS 8:30 AM - 4:30 PM

DATE:   MAY 11, 2017
RE:     WALSH VS BARNWELL HOUSE OF TIRES INC
DOCKET: ESX L -003354 17

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON STEPHANIE A. MITTERHOFF

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT: (973) 776-9300.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: PAULINE M. YOUNG
MC LAUGHLIN & NARDI LLC
37 VREELAND AVENUE
TOTOWA          NJ 07512

JUGBON2